Lillie JAMERSON, By Roberta STEWART, Her Executrix, Appellant,

v.

JEFFERSON BANK & TRUST CO., A Corporation, Respondent.

No. 45073.

Missouri Court of Appeals, Eastern District, Division Three.

April 12, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 19, 1983.

Irvin Dubinsky, St. Louis, for appellant.

James C. Brandenburg, Clayton, for respondent.

CLEMENS, Senior Judge.

Original plaintiff Lillie Jamerson sued defendant bank to recoup the $2,664 bal-

ance of her savings account. After plaintiff won in associate circuit court defendant bank appealed and won in the circuit court. Plaintiff executrix has appealed. We reverse and remand.

The issue raised is the defendant bank's authority to close decedent's passbook savings account.

Plaintiff's evidence showed her passbook had been retained by the bank. It showed that on May 8, 1975 plaintiff's account had been reduced to zero by the now challenged debit of $2,664.

Plaintiff's witness Chandley, the bank's vice-president, testified the bank did not have a signed withdrawal slip to support the closing of Mrs. Jamerson's account.

Defendant bank offered no evidence. The trial court declined plaintiff's plea to offer further evidence and gave judgment for the bank.

Thus, plaintiff's unchallenged evidence was that defendant bank had closed her account without her authority. There was no evidence to the contrary.

In *French v. Tri-Continental Leasing Co.,* 545 S.W.2d 345[5] (Mo.App.1976), we held that on plaintiff's appeal from a bench tried action we review the whole record and determine the weight of evidence and whether it supports the judgment for defendant. See also *Phillips v. Authorized Investors Group,* 625 S.W.2d 917[1] (Mo.App.1981).

Therefore, we conclude the judgment lacked substantial supporting evidence, and was against the weight of the evidence. Thus, under Rule 73.01(c)(1) and *Murphy v. Carron,* 536 S.W.2d 30[1–3] (Mo. banc 1976), we reverse defendant's judgment. But not outright. Instead, in our discretion, we reverse and remand to allow both parties opportunity to present further evidence.

Reversed and remanded.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.